## CHAPMAN–DRAKE COMPANY v. FRANK FABIAN MANUFACTURING COMPANY.[1]

### May 8, 1908.

### Nos. 15,525—(45).

**Eviction of Tenant.**

   Action to recover $60 as rent. Defense, that the plaintiff evicted the defendant before the expiration of the term for which rent was claimed, with counterclaim for damages therefor in the sum of $150. The findings of fact and conclusions of law were to the effect that the plaintiff did so evict the defendant, to his damage in the sum named, and that the plaintiff was not entitled to recover the $60, but the defendant was entitled to recover $150. *Held*, that the findings and decision are sustained by the evidence.

Action in the municipal court of St. Paul to recover $60 for rent. Defendant interposed a counterclaim for $150 damages caused by its wrongful eviction. The case was tried before Hanft, J., who found as conclusion of law that defendant was entitled to $150. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

   *George P. Metcalf* and *Lightner & Young*, for appellant.

   *Schmidt & Newman*, for respondent.

START, C. J.

Action in the municipal court of the city of St. Paul to recover $60 for rent of certain premises during the month of July, 1906. The defense was that the plaintiff evicted the defendant before the expiration of its term for which rent is claimed, with a counterclaim for damages therefor in the sum of $150. The cause was tried by the court without a jury, and findings of fact and conclusions of law were

---

[1] Reported in 116 N. W. 207.

made to the effect that the plaintiff, on March 1, 1906, leased the premises to the defendant from month to month for the agreed rent of $60 a month, payable at the end of each month; that on July 27, 1906, and before the termination of the tenancy, the plaintiff wrongfully evicted the defendant from the premises, whereby it sustained damages in the sum of $150; and that the plaintiff take nothing by its action, but that the defendant have judgment for $150. The plaintiff appealed from an order denying its motion for a new trial, and here assigns errors which raise the question whether the findings of fact as to the time the rent was payable, the ouster, and the defendant's damages are sustained by the evidence.

We find upon an examination of the record that all of the findings are fairly sustained by the evidence, unless it be the one as to the time of payment of the rent. If it be assumed that the evidence supports the plaintiff's contention that the rent was payable monthly in advance, this would not justify the claim of the plaintiff that it was entitled, at least, to recover the rent for July up to the time of the eviction. This conclusion follows from the entirety of the contract. The defendant did not agree to pay rent at the rate of $60 a month for the use of the premises for a part of the month of July, but for the whole thereof. Therefore, the plaintiff having, as the court found, wrongfully evicted the defendant before the expiration of the month, it cannot recover any part of the rent for that month. Whether the defendant, if it had paid in advance the rent for July, could recover from the plaintiff the whole of the $60 paid, we need not decide; for the fact remains that the plaintiff is here seeking to recover upon an entire contract, which it has not performed on its part, but has wrongfully deprived the defendant of the benefits thereof.

Order affirmed.